UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY and AFFILIATED FM INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>  - against -<br><br>C.H. ROBINSON INTERNATIONAL, INC. d/b/a CHRistal Lines,<br><br>        Defendant. | Case No. 22-cv-112<br><br>**COMPLAINT** |

Plaintiffs Continental Insurance Company ("CIC") and Affiliated FM Insurance Company ("AFM"), by and through their undersigned attorneys, as and for the Complaint against Defendant C.H. Robinson International Inc. d/b/a CHRistal Lines ("CHR"), allege upon information and belief as follows:

1. This subrogation action arises from loss or damage to cargoes transported, or intended to be transported, by ocean carriage from Asia to the United States.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

3. The United States District Court for the District of Minnesota is the proper venue for this action by virtue of the forum selection clause contained in the operative bills of lading, sea waybills, terms and condition of service, and/or contracts of carriage for the shipments at issue. Defendant CHR has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum selection clause.

4. At all times relevant hereto, Plaintiff CIC was and now is a business entity organized and existing under Pennsylvania law, with an office and place of business at 151 North Franklin Street, Chicago, IL 60606.

5. At all times relevant hereto, Plaintiff FM was and now is a business entity organized and existing under Rhode Island law, with an office and place of business at 270 Central Avenue, P.O. Box 7500, Johnston, RI 02919-4923

6. At all times relevant hereto, Plaintiffs CIC and AFM were and now are insurance companies that insured the cargoes described in Schedule A (the "Cargoes"), which is annexed hereto and incorporated herein by reference.

7. At all times relevant hereto, Defendant CHR was and now is a business entity organized and existing under Minnesota law with an office and principal place of business at 14701 Charlson Road, Suite 450, Eden Prairie, MN 55347.

8. At all times relevant hereto, Defendant CHR was and now is engaged in business as a non-vessel operating common carrier ("NVOCC") and/or ocean transportation intermediary ("OTI"), licensed by and registered with the U.S. Federal Maritime Commission (license no. 003282), issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

9. In or about December 2020 at the places of receipt identified in Schedule A, the Cargoes were tendered to and delivered into the custody and/or control of Defendant CHR (and/or its agents, servants, and/or subcontractors) in good order and condition, and suitable in every respect for the intended transportation, which Defendant CHR received, accepted, and agreed to transport in part by ocean carriage to destination, for certain consideration and payment of freight charges, in the shipping containers and under the bills of lading identified in Schedule A.

10. However, on or about January 16, 2021, numerous cargoes and containers fell overboard from the M/V MAERSK ESSEN and were lost at sea in the North Pacific (the "Casualty"), including those identified in Schedule A.

11. Defendant CHR (and/or its agents, servants, and/or subcontractors) thus failed to deliver the Cargoes to their destination in the same good order and condition as they were received.

12. By reason of the premises, Defendant CHR (and/or its agents, servants, and/or subcontractors, for whom Defendant CHR is responsible) breached its statutory, contractual, and/or common law duties and obligations as an NVOCC, OTI, and/or bailee of the Cargoes; was negligent and careless in its handling of the Cargoes; and is otherwise liable for the losses and damages described herein.

13. Following the Casualty, the shippers, consignees, and/or owners of the Cargoes submitted insurance claims to Plaintiffs CIC and AFM under policies then in full force and effect for the loss of and/or damage to the Cargoes, which Plaintiffs CIC and AFM paid to their respective insureds.

14. By virtue of their payment to the shippers, consignees, and/or owners of the Cargoes, Plaintiffs CIC and AFM became subrogated to all of their respective rights, remedies, and claims for relief with respect to the Cargoes, including those asserted against Defendant CHR herein.

15. Plaintiffs CIC and AFM bring this action on their own behalf and on behalf of all parties who are or may become interested in the cargoes described in Schedule A, as their respective interests may ultimately appear, and Plaintiffs CIC and AFM are entitled to maintain this action.

16. All obligations and conditions precedent to be performed by the shippers, consignees, and/or owners of the Cargoes, and/or Plaintiffs CIC and AFM as subrogees, have been performed, waived, or otherwise excused, including the payment of freight.

17. By reason of the premises, Plaintiff CIC has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $26,111.89.

18. By reason of the premises, Plaintiff AFM has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $104,673.55.

    WHEREFORE, Plaintiffs CIC and AFM pray:

    i. that process be issued against Defendant CHR in due form of law according to the practice of this Honorable Court, citing it to appear and answer the foregoing;

    ii. that judgment be entered against Defendant CHR in favor of Plaintiff CIC in the amount of $26,111.89, together with costs and interest;

    iii. that judgment be entered against Defendant CHR in favor of Plaintiff AFM in the amount of $104,673.55, together with costs and interest; and

    iv. for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated: January 19, 2022

  /s/ Delin Qu
Delin Qu
825 Berry Street, Unit 205
St Paul, MN 55114
(651) 494-0300

and

Justin M. Heilig (*pro hac vice motion forthcoming*)
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
(212) 669-0600

*Attorneys for Plaintiffs*

## **SCHEDULE A**

Container No.: TGHU6145570
Cargo: Store Display Fixtures
Insured By: Continental Insurance Company
Bill of Lading: 341348564XMN
Place of Receipt: Xiamen, China
Place of Delivery: St. Louis, Missouri
Nature of Loss: Non-Delivery


Container No.: TGBU8006968
Cargo: Garden Furniture
Insured By: Affiliated FM Insurance Company
Bill of Lading: 342221293CAN
Place of Receipt: Sanshan, China
Place of Delivery: Los Angeles, California
Nature of Loss: Non-Delivery


Container No.: MRSU3477605
Cargo: Garden & Lawn Products
Insured By: Affiliated FM Insurance Company
Bill of Lading: CCLAX201206F
Place of Receipt: Cebu, Philippines
Place of Delivery: Los Angeles, California
Nature of Loss: Non-Delivery


Container Nos.: MEDU7264477, MEDU4381994, MEDU7013595
Cargo: Garden Furniture
Insured By: Affiliated FM Insurance Company
Bill of Lading: 340985899CAN
Place of Receipt: Sanshan, China
Place of Delivery: Los Angeles, California
Nature of Loss: Non-Delivery